Matthias, J.
The issue in this cause is whether an action brought in a federal District Court, where jurisdiction is based on diversity of citizenship, is commenced so as to come within the provisions of Section 2305.19, Revised Code, where it is shown at a hearing conducted in the federal court that there was, in fact, no diversity of citizenship at the time of the filing of the complaint, and the action is, therefore, dismissed.
In order to have his day in court on the merits, plaintiff seeks to bring himself within the terms of Section 2305.19, Revised Code, which reads in part as follows:
“In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date.”
*527 Defendant contends that because of the lack of jurisdiction of the federal court, the proceedings in that court were a nullity. Defendant makes this argument even though he filed a motion to dismiss on the basis of lack of jurisdiction of the federal court. Such motion required a hearing in that court, and it was not possible to know until that hearing that a jurisdictional requirement was lacking. Obviously, then, the federal court, although it lacked jurisdiction to determine the merits of the cause, was possessed of jurisdiction to the extent that it could determine the question of diversity of citizenship.
It is, therefore, clear that the action was commenced, but likewise it is clear that it was commenced in a court which had no jurisdiction of the subject matter of the action. The question thus becomes one of whether Section 2305.19, Revised Code, can be applied where the failure otherwise than upon the merits results from lack of jurisdiction of the court in which the original action was brought.
The rule applicable to such cases is stated, as follows, in 145 A. L. R., 1185: .
“Generally, statutes providing in substance that if an action is brought within the period of limitations and is disposed of on a ground not affecting the merits a new action may be begun within a stated time thereafter have been held applicable to suits dismissed or disposed of because of lack of jurisdiction.”
See, also, annotation, 145 A. L. R., 1188; 34 American Jurisprudence, 230, Sections 283 and 284; annotation, 156 A. L. R., 1103.
In the case of Pittsburgh, Cincinnati, Chicago (& St. Louis Ry. Co. v. Bemis, 64 Ohio St., 26, an action was brought in a federal court against two defendants, one an Ohio resident and the other a New York resident. Upon the sustaining of a demurrer which eliminated the New York defendant from the cause, the Ohio defendant moved for dismissal on the ground of lack of jurisdiction, which motion was sustained. Following the dismissal, plaintiff commerced a new action within a year in a court of this state. On those facts, this court permitted suit under Section 4991, Revised Statutes, the forerunner of Section 2305.19, Revised Code,
*528 In the course of the opinion, Spear, J., stated, at page 31, that “dismissal for want of jurisdiction does not take the case out of the effect of the remedial statute.”
Hence the lack of jurisdiction of the court in which the original action was brought does not render the proceedings null and void, and Section 2305.19, Revised Code, can be applied unless, as claimed by defendant, the cases of Kossuth v. Bear, 161 Ohio St., 378, and Hoehn v. Empire Steel Co., 172 Ohio St., 285, have further limited the effect of Section 2305.19, Revised Code.
In both those cases, there was no jurisdiction due to lack of service of summons on the defendants. Consequently those cases are distinguishable, as here defendant not only received notice of the commencement of the action but entered his appearance by counsel and filed a motion to dismiss, not on ground of lack of service, but on the ground of lack of diversity of citizenship. This distinction would conclude the matter except for the fact that in the Hoehn case it is stated that Section 2703.01, Revised Code, requires that an action must be commenced in the proper court in order to fall within the savings provisions of Section 2305.19, Revised Code.
In view of the above-cited authority to the effect that lack of jurisdiction of the court does not foreclose application of the remedial statute, and the statement in the Hoehn case that a civil action must be commenced in the proper court for such statute to apply, we must, if a proper court is one having jurisdiction, re-examine the Hoehn case and the statutes.
Section 2305.19, Revised Code, is, of course, a remedial statute designed to provide a litigant a hearing of his case on its merits. As stated in paragraph one of the syllabus in Cero Realty Corp.. v. American Manufacturers Mutual Ins. Co., 171 Ohio St., 82, “Section 2305.19, Revised Code * * * is a remedial statute and is to be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure.”
In the case of Gaines v. City of New York, 215 N. Y., 533, which also involved application of a savings statute, Cardozo, J., stated, at pages 539 and 540:
‘ ‘ The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the *529 merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. Tbe important consideration is tbat by invoking judicial aid, a litigant gives timely notice to Ms adversary of a present purpose to maintain Ms rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction, stands on the same plane as any other mistake of law * * *. There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor’s rights.”
Due to the remedial purpose of Section 2305.19, Revised Code, it is incumbent upon this court not to unduly restrict its operation unless the restriction be clear.
The Hoehn case states that Section 2703.01, Revised Code, constitutes such a clear restriction.
Section 2703.01, Revised Code, reads:
‘ ‘ A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon. ’ ’
The interpretation given Section 2703.01, Revised Code, in the Hoehn case greatly limits the application of Section 2305.19, Revised Code. In fact the limitation is so great that the remedial purpose of Section 2305.19, Revised Code, is virtually abrogated. We are convinced that it was not the intent of the Legislature that Section 2703.01, Revised Code, operate as a restriction on Section 2305.19, Revised Code. If the reasoning of the Hoehn case were to be followed the result would be that Section 2305.19, Revised Code, would be stripped of a major portion of its remedial purpose. Since it is not possible to reconcile the reasoning of that part of the Hoehn case with the usual rule that remedial statutes must be liberally construed, it follows that the Hoehn case must be, and it hereby is, overruled so far as it states that Section 2703.01, Revised Code, requires that an action must be commenced in a proper court in order to fall within the savings provisions of Section 2305.19, Revised Code. It would have been sufficient in that case to rest the correct decision there rendered on the failure of the court in the first action to acquire any jurisdiction over the defendant’s person, a failure which prevented commencement of that action against that defendant,
*530 In conclusion, then, where a plaintiff institutes a civil action in a federal court and defendant appears generally by counsel and files a motion to dismiss on the ground that there is no diversity of citizenship, and that court, after a hearing, dismisses the action on that ground, the action is commenced, and its dismissal is a failure of the action otherwise than upon the merits and such plaintiff can bring a new action in á court of this state under the provisions of Section 2305.19, Revised Code.
It follows that the judgment of the Court of Appeals must be, and it hereby is, reversed.

Judgment reversed.

Taft, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.